# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-1534V**
UNPUBLISHED

|  |  |
|---|---|
| BARBARA SWORD, *personal representative of* ESTATE OF BILLY SWORD, | Chief Special Master Corcoran |
| Petitioner, | Filed: October 31, 2022 |
| v. | Special Processing Unit (SPU); Ruling on Entitlement; Concession; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Table Injury; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |
| Respondent. | |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On July 1, 2021, Billy Sword filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act").[3] The petition alleges that Mr. Sword suffered Guillain-Barre syndrome ("GBS") as a result of an influenza ("flu") vaccine received on September 19, 2018. Petition at 1. The petition further alleges the vaccine was administered in the United States, Mr. Sword suffered the residual effects of his injury for more than six months after the administration of his flu vaccine, and no lawsuits have been filed or settled or awards accepted by

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Following Petitioner's death, the court granted Petitioner's motion to amend the caption to name his wife, who had been named personal representative of his estate, as Petitioner (ECF No. 24).

anyone, including Mr. Sword, for his vaccine-related injury. Petition at ¶¶ 30-32. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 31, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that "Mr. Sword has satisfied the criteria set forth in the recently revised Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI"), which afford Mr. Sword a presumption of causation if the onset of GBS occurs between three and forty-two days after a seasonal flu vaccination and there is no apparent alternative cause." *Id.* at 11.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master