# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 21-1534V
UNPUBLISHED

|  |  |
|---|---|
| BARBARA SWORD, *personal representative of* ESTATE OF BILLY SWORD,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: November 17, 2022<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On July 1, 2021, Billy Sword filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act").[3] The petition alleges that Mr. Sword suffered Guillain-Barre syndrome ("GBS") as a result of an influenza ("flu") vaccine received on September 19, 2018. Petition at 1. The petition further alleges the vaccine was administered in the United States, Mr. Sword suffered the residual effects of his injury for more than six months after the administration of his flu vaccine, and no lawsuits have been filed or settled or awards accepted by

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Following Mr. Sword's death, the court granted Petitioner's motion to amend the caption to name his wife, who had been named personal representative of his estate, as Petitioner (ECF No. 24).

anyone, including Mr. Sword, for his vaccine-related injury. Petition at ¶¶ 30-32. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 31, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On November 16, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $240,222.23. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $240,222.23 (comprised of $240,000.00 in pain and suffering damages and $222.23 in past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| BARBARA SWORD, personal representative of the estate of BILLY SWORD, deceased, | |
| Petitioner, | No. 21-1534V (ECF) |
|  | Chief Special Master Corcoran |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On July 1, 2021, Billy Sword filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. The petition alleged that Mr. Sword suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to him on September 19, 2018. Petition at 1. Mr. Sword died of cardiac arrest on December 8, 2021. *See* Exhibit ("Ex.") 24 at 2-3; Ex. 21. His wife, Barbara Sword ("petitioner"), was subsequently named personal representative of his estate and substituted as the petitioner.[1] *See* Ex. 20.

On October 31, 2022, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a GBS Table injury. ECF No. 44. That same day, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 45.

---

[1] On April 26, 2022, the Court granted petitioner's motion to amend the case caption. ECF Nos. 22, 24.

## I.   Items of Compensation

### A.   Pain and Suffering

Respondent proffers that petitioner should be awarded $240,000.00 in pain and suffering

damages.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### B.   Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable

expenses related to Mr. Sword's vaccine-related injury.  Respondent proffers that petitioner

should be awarded past unreimbursable expenses in the amount of $222.23.  *See* 42 U.S.C. §

300aa-15(a)(1)(B).  Petitioner agrees.

## II.   Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respondent recommends that the compensation provided to petitioner should be made through a

lump sum payment as described below and requests that the Chief Special Master's decision and

the Court's judgment award the following:  a lump sum payment of $240,222.23, in the form of a

check payable to petitioner.

## III.   Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Barbara Sword:            **$240,222.23**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/Sarah B. Rifkin
SARAH B. RIFKIN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-5997
Sarah.Rifkin@usdoj.gov

Dated: November 16, 2022